May I please the Court, Elsa Martinez on behalf of the petitioner Moises Navarro-Soqui. Eleven years ago, Mr. Navarro fell in love with his neighbor, a young lady who is now his wife and the mother of his three children. The record reflects that he committed a reprehensible crime. However, the state sends him to 120 days of home arrest, five years probation, and a misdemeanor. Section 101A.43, subsection A of the Act, provides that the term aggravated felony means murder, rape, or sexual abuse of a minor. The term in question here today is felony. Felony is commonly understood as a degree of crime that is serious and does not include misdemeanors. Felony and aggravated have uniform, unequivocal meaning both in common law and usage. The government will argue that aggravated felony is a term of art. But whether it is or not, the principle which declares what a term means excludes any meaning which is not stated. It includes what? Excludes any meaning which is not stated. Simply put, it's not that a misdemeanor could not be included in a definition of an aggravated felony under 101A.43. But it should only be done when Congress has specifically stated it as such, as it has in 101A.43. F, G. Is this Estrada Espinoza in bank? Does that help you or hurt you, your client? I think it helps my client, Your Honor. Specifically, the Court has stated that it must follow the Federal definition of sexual abuse of a minor. What it doesn't do, and it needs to do with our case, is to go one step further and say that under 18 U.S.C. 2243 that it must also be a felony. But doesn't Afridi say that a misdemeanor conviction can constitute an aggravated felony? The Court in Afridi held in a footnote, too, that in fact the Petitioner in that case gave no legal authority why it should even support that basis. It basically, Petitioner said it in passing that in 2001 that a misdemeanor, sexual abuse of a minor, could be an aggravated felony. Afridi has been overruled by today's decision in Espinoza, essentially. What we're arguing here today is that taking the decision, the Court's decision in Estrada Espinoza, and going one step further, the Court has held in Alvarez-Gutierrez, it was a criminal sentencing context that a gross misdemeanor offense for sexual seduction was an aggravated felony, but it was following the reasoning in Gonzalez-Tamari's. That case was specifically addressing a misdemeanor theft offense where there was a one-year sentence imposed. The Court held that by accepting Gonzalez-Tamari's, it means that a lesser offense needed to be quantified and that a greater offense, such as sexual abuse of a minor, remained an aggravated felony regardless. And I know that to be different today, especially after today's decision. So the Court in Alvarez-Gutierrez held that since there was nothing in 101-843a that required it, required that it be a felony or that the person be sentenced to any period of time, that it could also interpret 101-843 to include misdemeanors. We believe that Alvarez should be revisited in light of the intervening controlling authority from the Supreme Court in Leocal. And as Justice Burson outlines in his dissent in Alvarez, the majority's decision is backwards because it assumes that where Congress has not can't be an aggravated felony. What I'm saying is that Alvarez's majority's decision is backwards because it's saying that since Congress didn't say that it had to be a felony, then it could be an aggravated felony. Okay. So we have to decide whether a violation of California Penal Code 288C constitutes sexual abuse of a minor under the categorical or the modified categorical approach. All right? Yes, Your Honor. Okay. So what do you have to say about that? Under the modified categorical approach, and Let's take the categorical first. Isn't that the way you need to do it? Yes. Under the categorical approach, the Court has held in Barron Just one second. Under the categorical approach, Section 288C is obviously broader than I'm sorry. Under the categorical approach, the definition of sexual abuse of a minor is under the state is broader than the federal. So we must move to the modified categorical approach in order to determine if it meets the definition of an aggravated felony. In what way is it broader? Well, looking at what the Court has defined as the elements of the generic offense under the Federal Criminal Code, the mens rea level of knowingly sexual act with a minor between the ages of 12 and 16 and each different at least four years between the defendant and the minor. So under the Federal Criminal Code, there's specific elements to the offense that may not be included or that are not included in specifically Section 288A or 288C. Like what? Like what? For instance, the difference in age, that from four and each difference of at least four years. But the one for which your client was convicted as a 10-year period. That is correct. So that's bigger, so we can't say that that's a difference. Well, Section 288C does incorporate Section 288A, which doesn't, and have that four-year age difference. It does specifically say that it had to be a minor between the ages of 14 and 15, which and the offender of a difference in age of over 18, over 10 years. But specifically, what I'm hoping that this Court will focus is that under the Federal 18 U.S.C. 2243, the offense should be a misdemeanor. It should be a felony, Your Honors. We should not hold it. If your total argument is about a misdemeanor, if that's really where you're going, then I guess I'm having a little bit of trouble. In that, the United States v. Alvarez-Gutierrez in my book says, because Congress chooses to define an aggravated felony in a certain manner, it's irrelevant that the state offense of which Alvarez-Gutierrez was convicted is not a traditional felony, or that it's classified under state law as a misdemeanor. And then we go further to Gonzales-Tamarez, and again, I'm from Idaho, so I may be saying these wrong, which says, a crime may be classified as an aggravated felony under 8 U.S.C. 1101-843 without regard to whether under state law the crime is labeled a felony or a misdemeanor. And then if I go to Judge Reinhardt's concurrence in Alvarez, he says for purposes, our purposes, often incoherent, senseless Federal sentencing guidelines of felony can include the misdemeanor. Worse, an egregious felony, i.e., an aggravated felony, can also include a misdemeanor. So it seems to me that if we go to that kind of an argument, it's a tough one for you to make based on our law. Based on the common sense use of aggravated and felony, a felony cannot, or by definition does not include a misdemeanor, unless Congress says so. So in the decision — You know something? You're wasting your time on that argument. Can't you see that? Well — You're not getting any place with it, so — If the court would — a different holding would basically determine that any offense of sexual — of a sexual nature with a minor under 18, regardless of whether it was a felony or a misdemeanor, would constitute an aggravated felony. And that's not what was decided in today's decision of Espinoza, of Estrada Espinoza. Well, but Estrada Espinoza really isn't talking about misdemeanor versus felony. And that's what my good colleague is trying to have you focus in on. How does Estrada Espinoza deal with our issue? How does — get rid of this misdemeanor versus felony argument. What other issue does it raise of any counsel? Well, specifically in our case, Judge Holmes, the board member Holmes, in the BIA decision in Navarro's case, said that it was categorically an aggravated felony, sexual abuse of a minor. I think that we know differently today because we must apply the modified categorical approach and look at the Federal definition of sexual abuse of a minor. And I think that that kind of analysis certainly wasn't done by both the judge and the BIA in this case. All right. Why don't you have a seat and we'll hear from the government. Good morning. May it please the Court. Tom Dupree on behalf of the United States. I think that Estrada Espinoza makes this Court's job very easy. I think that under the straightforward application of Estrada Espinoza that the petition for review must be denied. As an initial matter, I think it's quite clear that the text of the California statute at issue, at issue 288C, has all of the factors that this Court included in defining the generic offense in Estrada Espinoza. By what? Well, I'm looking at page 8 of the slip opinion in Estrada Espinoza, and it says that the generic offense of sexual abuse of a minor requires four elements, and all four are satisfied. Let me get page 8. Okay. Go ahead. Mens rea level of knowingly. The California statute has that. It actually provides for a willfulness, which, if anything, is heightened. Well, how do we know knowingly and willfully mean the same? Well, if anything, I think willfully is even a heightened mens rea standard than knowingly. So, in other words, the California statute is capturing an even narrower spectrum of conduct than the generic Federal statute. Well, if willfully, what is the definition of willfully under California law? I believe it doesn't become relevant until Estrada Espinoza, but I believe it refers to an intent to bring about a desired consequence, whereas knowingly is defined as acting with the knowledge that certain circumstances will result even if the actor does not himself subjectively desire to achieve those consequences. So I think willfully is, again, heightened. Here's a definition of willfully under California law. This comes from the Manual of Model Criminal Jury Instructions. This is what trial judges tell juries. An act is done willfully, is done voluntarily and intentionally with the purpose of violating a known legal duty, a known legal duty. And then an act, this is the definition of knowingly under Ninth Circuit jury instructions. An act is done knowingly if the defendant is aware of the act and does not act or failed the act through ignorance, mistake or accident. The government is not required to prove that defendant knew that his, her acts or omissions were unlawful. So you have those two definitions, and under the federal statute, you have the, you also have the defense that if the defendant didn't know the age of the person, the other person involved, that could be a defense which could be proved by a preponderance of the evidence. So how does all that fit together? Well, there was a lot in there, Your Honor. At the end of the day, there's a lot in this case. And there's a lot at stake, too. I agree with that point, Your Honor. I think this is a very important case. With regard to the definitions, Your Honor, set forth, I mean, they sound exactly right to me. Obviously, they're in front of me. But I think the key issue there is that the definition of willful under California law sounded as though it encompassed a purpose requirement. In other words, that it's more than simply knowing the acts you're taking. It's actually intending to, I think Your Honor said, violate a known legal duty. So it sounded as though the California standard were a heightened mens rea standard rather than a reduced one. So, in other words, everything that is captured by the State statute, a fortiori, would be covered by the Federal statute as well. I think that the animating principle, as I read Estrada, is it distinguishes It's also quite like Are you saying the Federal statute is narrower than the State statute? I think it's the reverse, Your Honor. I think the State statute Is broader. The State statute is narrower. The State statute requires willfulness, which requires, which is tantamount to purpose under the definitions I think Your Honor read. Yes. So it's a heightened standard, and therefore, the heightened standard means it necessarily encompasses a smaller spectrum of conduct than the more relaxed Federal standard. The point I wanted to make with regard to Estrada is, as I read Estrada, it seems that the Court was quite consciously drawing the white line at age 16. In other words, this Court's precedents that were decided prior to Estrada, there at least they intimated, if not outright held, that conduct involving 16- and 17-year-old minors may or may not have been an amount to sexual abuse as a categorical matter. But what Estrada says quite clearly, because it comes up time and again in the opinion, is that once you go below age 16, that is different in kind. There is no basis on which someone could say that having a sexual relationship with someone who is 14 or 15, particularly whereas in California you have to be at least 10 years older, that that is not sexual abuse of a minor. So I think that if this Court were to hold that the conduct in this case, namely a conviction under 288C, does not categorically amount to sexual abuse of a minor, I think that is, frankly, undercutting the animating principle of Estrada, which is age 16 and up, okay, below 16, not okay. And ---- Kennedy. Does the Federal statute, as you read Estrada, require one to knowingly know the age of the victim? I don't think so. I say that without obviously looking at any case law that's construed it. But as I read it, it looks as though the Federal statute knowingly modifies the actual physical conduct as opposed to knowledge of the age. Again, I say that without having actually looked at the underlying case law. Well, I think that's, in fact, my colleague's question. Given the knowing, if the knowing element in the Federal statute not only affects the knowing capability or the knowing act itself, but the knowing of the age of the victim, that that would make it a statute which would not be congruent with the California statute. But it's hard for me to see how ---- What's the purpose of putting knowingly in there then? I mean, there's no problem with showing that there's a sexual act. And so, I mean, if they had a sexual act, it was certainly done knowingly. It was not done unknowingly, was it? So why wouldn't knowingly apply to the age of the minor? Well, it may not. But if it does not, then I think we would prevail. As I understood Judge Smith's question, he was saying if the Federal statute is interpreted as applying the knowing requirement to the fact that the minor victim is under age, doesn't that differentiate the Federal statute from the California statute? If I've restated Your Honor's question. Yes. That's a good question. And I think the answer is that it's hard for me to see, based on the text of these two statutes, why the Court would construe knowingly in the Federal statute to modify knowledge of the victim's age or to affect that, but not apply the similar reasoning to the California statute. That's why it's, as a textual matter, the statutes are both structured in the same way in that you have a preparatory adverb that may or may not modify all the various elements of the offense. And the Federal statute is structured the same way as the California statute. So even if this Court were to say, well, we think knowingly does apply to the fact that the victim was, you know, 12 years old, it seems to me that by the same logic, as a matter of textual interpretation, it would apply to the California statute as well. Well, there's a section in the Federal statute, section 2243d, that explicitly states that knowledge of the age of the other person is not an element of the crime that the prosecutor must approve. Then that seems like it would resolve the issue very neatly. Yeah, but it's a defense, too. Well, defense is not an element. Well, I don't know. Right. It's an affirmative defense as opposed to something that the government approves. It really requires us just to compare elements. Well, that's an argument. I think that's quite a good argument. Well, I would think you would. I guess my worry is, given that you've just had this thrown at you today, and I'm talking to both counsel now, would you like some time to maybe brief how this case applies to our particular situation? My worry is that just throwing this at you today and having you then respond to our questions, maybe we need to have you seriously look at it and give us your idea. Would you like that, counsel? I'd certainly be willing to do it, Your Honor. I'd like it. You know, I was going to suggest that because you were aware that this case was being heard and banked by our court, were you not? I am. I was. I knew it was pending. You knew it was in the process. Sure. It took longer to come out than it should have. I think it was argued back in June. Yeah. Well, and as I understand it, unless this case, this is a question directly to you, unless this particular case, Espinoza, changes the particular situation, that Baron Medina suggests that 288A is an aggravated felony, and therefore 288C, which is based on the same elements, really, as 288A, would naturally suggest that to be an aggravated felony. I think that's exactly right in the sense that the only difference between the statute at issue here and the one in Baron Medina is that this statute applies to victims who are 14 and 15 years old. And the point of Estrada is that that difference does not take this case out of the sexual abuse file. So I think that certainly would be one way this Court could readily resolve this case, is to say that under a straightforward application of Baron Medina, petition for review is denied because the only difference in the statute is the 14 or 15-year-old age requirement, and that question has been resolved, I think, probably even under Petitioner's reading, by Estrada Espinoza. Let's think about this. Here you have how did this gentleman come to the attention of the government? Well, he was an LPR, I believe, who was convicted. He was an LPR. Right. And he was convicted of a crime, and in many cases where we have someone who is on an LPR or some other similar status who is convicted of a crime, that at that point will take steps to remove that person. Well, how did the government know he was convicted of a crime? I don't know if that's in the record. I mean, just anecdotally, I can tell you that, at least in some jurisdictions, if someone is convicted or if someone is in prison, which I don't think he was in this case. No, but he was convicted a long time ago, wasn't he? He was, but it also this case has been pending for a while. So I'm not sure that, you know, it's not the case that this case was, you know, dormant for 10 years, and all of a sudden the government came in. I mean, I think it was within a matter of years from the conviction, and then I think at least the record indicates that he may have violated his probation, and so that may have triggered more red flags in the system, and then the government got around to serving him with a notice to appear. Again, it's just not in the record, so I can't. There was a time, as I recall, when these state matters and state arrests were not called to the attention of the INS. That's changed. Well, I know that at least in some cases they are called to the attention. Okay, so here we have this man who was, what, 26 or 27, and he had sexual intercourse with I think she was 14 at the time. 13. Well, it's 13, 14, whatever it was. So it's 13, and then they lived together. They even lived at her parents' home. They have three children now. As far as we know, he's been working and taking care of his family, and I think taking care of his mother, buying a house, and all that. There are a lot of equities there, and so we want to kick him out of the country, and you've got three children who were born here, and they're going to have to leave too. She was an American citizen. What? I think she was an American citizen. She's an American citizen too, yeah. So we have this concept. We want to keep families together, and so we're going to want to break this family up, and he's the breadwinner. So do you think a case like this might be one to go to a court mediation process? I don't, Your Honor. I must say that I don't find it an unreasonable judgment for the government to say that if you're a 27-year-old man and you're sleeping with a 13-year-old girl, that that is conduct that warrants removal. No, that was a long, long time ago. That was a long time ago. My mother-in-law was 14 when she got married. So as far as I know, my father-in-law, well, they're both gone by now, and maybe that was a big mistake, but anyway, he did his time. He's a good father. They have three more kids. They live together at their parents' home, and they're buying a home now, and the kids are in school. They're all doing well. They're beneficiaries of the American dream, and now we want to take the father. When did this happen? 1991? It was the late 90s. I think it was 1997. What? 1997? That's right, Your Honor, but I would — That's 10 years ago. But the fact that he has successfully instigated legal proceedings, filed a PFR with this court, and the fact that we have various due process protections in place that allow an individual like this to contest his removal I don't think should be then used against the government by saying, well, because he's been litigating this case for so long, he's built up enough equities to stay. Well, he hasn't been litigating the case this long. The whole system takes a long time. Well, it sure does, and people will build up equities during the pendency of the judicial proceeding. But the system takes time. The system is a cruel one, too, I think. And you don't want to be a party to that, do you? You want to think about what you're doing to this family, standing there? And I'm offering you an opportunity to go to mediation? Judge Pergerson, I have to tell you in all candor, I think the result in this case is fair, just, and lawful. Okay. Well, I'm glad you feel that way. And how old are you? Thirty-eight. Huh? Thirty-eight. Thirty-eight. Yes. Well, it looks like you're about 18 to me. So, anyway, if that's the way you feel about it, you don't see any inequity here at all, huh? I certainly understand the arguments that he's making, but at the end of the day, when I look at the conduct involved in this case, and I think that we as a government, and frankly, as a society, have a responsibility to protect 13-year-old victims, 13-year-olds from being made subject to sexual abuse by 27-year-old men. There's no allegation here of rape, is there? Not in the forcible sense, no. But I don't know if anyone would say that a 13-year-old girl is a fully willing and informed participant and subject to the sexual advances of a 27-year-old man. Well, it depends on the people, too. But I think it's a decent judgment for the legislature. You can have 13-year-old girls or 14-year-old girls that could pass for 20 or 21 or 22. Are you thinking of Lolita? What? Are you thinking of Lolita? No, I'm thinking about, how many women we got in this room? No. No, I'm not thinking of Lolita. I never met her. But I don't know. It just seems to me that to punish this family that's together, and they're apparently happily married, but they're not here today, by breaking it up, there's just something wrong. And so that doesn't bother you at all. Well, if we adopted a rule that said an individual could essentially cure retroactively his … Oh, listen, we've got a lot of people out there that really need your time and effort to clean up what's going on in this country. Do you ever think about that? I sure do. I think the system definitely needs to be fixed, and I spend a lot of time thinking about it. Yeah. But when I look at this case, when I look at this case, it doesn't bother me, because you have a remarkable age difference. And the point I was going to make, Your Honor, is that … How old is the woman now? Well, she was 13 at the time, so … How old is she now? I think she's 25, I think. 25. 25-year-old woman. She was born in 83, wasn't she? Right. 25. And how old is he now? He's 34. Huh? 34. 34, okay. Okay. So we're going to break … He's 38. Break the family up. Well, number one, it doesn't break them up. And certainly they are free to travel with him wherever he goes. If he returns to Mexico, the family can stay together if they so choose. We're not keeping the rest of the family here in Mexico. But you've got three kids born in this country. You know, they have a birthright to be here, and they're going to have to leave. And that's what's going to happen here. They're going to have to leave. We need to think about that, too. Your Honor's points are all well taken, and I'm not denying that there are equities on the other side of the ledge. I'm not going to those equities. I understand that. My only point is that I think in this case, this is a fair and just result. And my point with regard to Your Honor's comment about the fact that they're now married, if we were to say that someone could retroactively cure the violation by marrying his victim, I think that would put tremendous, unwarranted, inappropriate pressure on a 13-year-old girl or 14-year-old girl who would be told if you marry him … Let me tell you something. You're giving me these floodgate arguments, huh? You know, you can conjure up all kinds of horrible examples, but I'm just thinking about these people here. You know, I've heard floodgate arguments for a long, long, long time. Supposed to be your daughter, Harry. And I'd like to say that my feet are still dry. Okay? I understand all Your Honor's points, and they're not without force. I think obviously we have a different view of the case. But I think we're both trying in good faith to reach the correct result here. I'm sure you are. Okay. All right. Any rebuttal? Did you have any time? I think you can give her some time. Yeah, I'll give you some time. I only wanted to just formally request that we be permitted to expand our view in writing and provide an additional brief. Yeah, that'd be a good idea. All right. You've got to go through the, you know, both prongs of the text. Okay. We'll recess until tomorrow morning at 9 a.m. Thank you. Thank you very much for your argument, both of you, especially given a new case coming out at the last minute and taking over an appellate argument that had to be made. We very much appreciate it. We wanted you to have it. Judge Preggerson was nice enough to get it all printed up and get it before you today. And we thank you for that. Thank you. Thank you.
judges: Pregerson, Hall, N.R. Smith